ELLIS, Judge.
This is a tort action arising from an accident occurring at approximately 3:50 P.M. on May 26, 1961 on Louisiana Highway 1, at or near its intersection with Bella Western Lane in Pointe Coupee Parish. This gravel lane which ends at the paved highway is approximately one mile north of Batchelor, Louisiana. Involved in the accident were a 1954 Farmall Tractor driven by plaintiff’s son and a 1960 Ford driven by Clyde Richardson and insured by American Casualty Company. Plaintiff sued for $500.00 for the loss of his tractor and for $5,000.00 for the personal injuries suffered by Ivy Lee Gage, plaintiff’s minor son.
After a trial on the merits and submission of depositions of two witnesses who were unobtainable at the time of the trial, judgment was rendered, with written reasons assigned, dismissing plaintiff’s demands. From this adverse decision plaintiff has perfected a devolutive appeal.
The District Court, with extensive written reasons covering both the facts and the law, found that Clyde Richardson, accompanied by his wife, was operating the automobile owned by the latter, greatly in excess of the sixty miles per hour speed limit set by LSA-R.S. 32:223, as amended, and also violated LSA-R.S. 32:227 which states that whoever operates a vehicle in violation of the speed limitation shall be prima facie at fault and responsible for any accident proximately caused by such operation, that such speed was unreasonable and improper under the circumstances and endangered the person or property of others, and further held that Richardson did not have his automobile under proper control and was not keeping a proper lookout ahead, all of which was a proximate cause of the accident. The District Court also found that the defendants had borne the burden of proof, legally required by law, of proving the contributory negligence of Ivy Lee Gage in making a left turn without regard to following traffic by failing to keep a proper lookout or give the required signal.
There are two questions to be decided in this case. First, "Was the minor child, Ivy Lee Gage, the operator of the tractor, *71 guilty of contributory negligence?” Second, “Was the driver of the Richardson car exceeding the speed limit, and if so, was such excess speed a proximate cause of the accident?”
On May 26, 1961 Clyde Richardson had driven his wife’s car to Simmesport, Louisiana, where she taught school, to bring her home to Baton Rouge for the weekend. He and his wife were returning from Simmesport to Baton Rouge, and after leaving Innis, La., had followed the 1950 Oldsmobile being driven at the time by Shelby Eugene Sibley, accompanied by his cousin, P. C. Sibley, who was riding in the front seat with him, and Winfield LeCoq, for some two and a half or three miles, and proceeding on the highway in front of the Oldsmobile was the tractor driven by plaintiff’s minor son, and he decided to pass the automobile and the tractor. He blew his horn, pulled out to go around the Oldsmobile, which had slowed down after the horn had blown, and as he got alongside of the Oldsmobile or slightly in front of it, the tractor made a left turn in a somewhat diagonal direction to go into Bella Western Lane. Richardson again blew his horn and jammed on his brakes, leaving skid marks of 90 feet to the point of impact near the eastern edge of the pavement where he struck the left rear wheel of the tractor, knocking it across the lane and demolishing it, and the young driver was thrown in the air and landed on his head, sustaining painful injuries. The Richardson car traveled approximately 25 feet forward from the point of collision, partially blocking the lane, facing in a southwesterly direction.
In the case under consideration, we do not deem it necessary to pass upon the negli-. gence of the defendants in the operation of their car as to speed and improper lookout as a proximate cause of the accident, for we are convinced that Ivy Lee Gage, the minor operating the tractor at the time of the accident, was guilty of gross contributory negligence in making a left hand turn without regard to following traffic by failing to even look to his rear at the proper time and without giving any signal of his intention. The law with regard to left hand turns is so well settled as to need no citation of authorities.
We are not unmindful of the fact that two witnesses on behalf of the plaintiff testified young Gage looked back and gave the proper left hand turn signal when he was a distance up the road from the intersection and again at the intersection just before making his left turn, and a third witness testified to the proper signal and action being taken by young Gage at the intersection before he made the left turn, however, such testimony is not in accord with the version given by young Gage himself. He consistently and positively testified that when he was about 100 yards from the intersection he looked back and gave a left hand signal of his intention to turn, and that he never looked back again. He stated when he looked back and gave the signal he noticed the car immediately behind him begin to slow and as he saw no other car following he thought he could safely turn when he got to the intersection and therefore he proceeded 100 yards and attempted to make the turn. He stated he never did see the car which actually hit him. The driver, as well as the passenger, in the Sibley car testified they never saw young Gage give any signal whatsoever of his intention to turn left, and he only looked back after he had started to turn left and the front portion of his tractor had crossed the center line into the north bound lane of traffic, at which time the Richardson car had passed or was alongside of the Sibley car, immediately slammed on its brakes and blew its horn but, as Sibley said, the accident happened almost immediately thereafter. In fact, the Sib-leys testified they had been driving south at an estimated speed of from 50 to 60 miles per hour, had seen the tractor from quite a distance, and Sibley had started to pull out in order to pass this tractor as ho signal had been given by young Gage at that time of any intention to make a left hand *72 turn. At that time the horn on the Richardson car blew for passing, and Sibley pulled back or immediately changed his mind about passing the tractor and the Richardson car loomed up on the left side in the passing lane and had gotten possibly half a car length when young Gage suddenly turned left without any signal or without looking back. Immediately thereafter, when his tractor had partially made the left turn, •he did look back and it was at that moment the Richardson car put on its brakes, blew its horn a second time, skidded approximately '90 feet to the point of impact and then proceeded approximately 15 to 25 feet further south facing in a southwesterly direction with its rear end in the intersection of the lane and the highway.
The estimate of the distance between the Sibley car and the tractor at the time Richardson first blew his horn was given by the passenger Sibley as 300 feet, and at the time the Richardson car passed the Sibley car as 100 feet from the tractor. The driver Sibley testified there were “a couple of car lengths” separating his car from the tractor when he heard the horn of Richardson’s car and his words were “He had done started around me.” Of course, both of the estimates are incorrect, although unintentionally so, as the Richardson car skidded 90 feet before it struck the tractor. But there is no question that the Richardson car was too close for young Gage to attempt a left hand turn and he was grossly negligent in doing so and in his failure to have given the proper signal at the proper time.
For the above and foregoing reasons, we are convinced that plaintiff’s recovery is barred by the contributory negligence of his minor child, Ivy Lee Gage, who was operating Leonard Gage’s tractor at the time of the accident.
For the above and foregoing reasons, the judgment of the lower court is affirmed, the plaintiff to pay all costs.
Affirmed.